**FILED**

OCT 1 9 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-MJ-4452-LL |
| v. | DETENTION ORDER |
| BRIAN JEFFERY RAYMOND, | |
| Defendant. | |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on October 16, 2020, to determine whether defendant BRIAN JEFFERY RAYMOND should be held in custody pending trial on the grounds that he is a danger to the community and a flight risk. At the detention hearing, Assistant United States Attorneys Eric G. Roscoe and April Russo, and U.S. Department of Justice Attorney Jamie B. Perry appeared on behalf of the United States and attorney JOHN KIRBY appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, motions filed by both the United States and Defendant, the pretrial services report, and the complaint, the Court concludes that the Government met its burden to demonstrate by clear and convincing evidence that Defendant poses a danger to the community and

through a preponderance of the evidence that Defendant is a flight risk. There is no condition or combination of conditions that will reasonably assure Defendant's appearance.

## I.

## FINDINGS OF FACT

A.   *Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)*

1.   Defendant is charged in a complaint from the District of Columbia with one count of coercion and enticement in violation of 18 U.S.C. § 2422(a). This is a crime of violence pursuant to 18 U.S.C. § 3156(a)(4).

2.   Defendant was arrested on October 9, 2020 in San Diego, California pursuant to an arrest warrant issued in the District of Columbia on October 8, 2020.

3.   If convicted of this charge, BRIAN JEFFERY RAYMOND faces a possible maximum sentence of twenty years. Additionally, the United States proffered evidence of yet to be charged offenses that involve at least twenty-three other victims including a victim who alleges sexual assault in the special Maritime and Territorial Jurisdiction of the United States, which carries a maximum sentence of life in prison. Accordingly, in this case, the nature and the circumstances of the charged offense favor detention.

B.   *Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)*

Although this factor is to be given the least weight, there is probable cause to believe Defendant committed the charged offense, which favors detention. The United States began its investigation of Defendant in May of 2020 when a female reported that Defendant sexually assaulted her at a U.S. Embassy rented apartment in Mexico City. The United States conducted two interviews with Defendant in June of 2020 and seized his cellular telephones. Further investigation into Defendant yielded the discovery of numerous videos and photographs in which Defendant appears to be filming unconscious females. The interview of the victim in the charged offense revealed that she had no idea that defendant had filmed her or that he had pulled her bra down exposing her breasts. The United States' further investigation uncovered similar photographs and videos of at least 23 other possible victims to include the alleged Mexico City sexual assault allegation.

2

C.   *History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)*

1.   Character: Defendant has been a U.S. government employee for twenty-three years.  He has traveled and worked in numerous countries and has extensive experience living abroad.  He speaks both Spanish and Chinese.  From all outward appearances he has led an exemplary life, the fact that many victims in Defendant's case were unaware of his behavior until they were shown the videos and photographs made while they were unconscious is evidence of his unique ability to portray a very different public face.

Based on the proffer of the United States it appears that Defendant's interaction with females continued even after he was aware that the United States was conducting an investigation and he was meeting with females as recently as September of 2020 in San Diego, California.  One female interviewed by the United States related that she had gone on several dates in September of 2020 where she became very intoxicated and engaged in sexual intercourse with Defendant.  She eventually told Defendant that she could not continue to meet with him if she becomes so intoxicated.  This encounter is factually similar to the encounter alleged in the charged complaint.  This Court also finds that while Defendant was aware that he was being investigated for a sexual assault allegation, he was not aware of the broader investigation and the other victims until his arrest.  His behavior revealed through the Governments' proffer combined with his admitted experience and skill in residing abroad weighs this factor in favor of detention.

2.   Physical and Mental Condition: While there was no evidence presented regarding Defendant's mental condition, there was evidence that Defendant had heart valve surgery in 2018.  The Court does note that MCC does have medical facilities and the ability to address health problems with inmates while in custody. Accordingly, this factor is treated as neutral.

3.   Family Ties: Defendant's mother and father live in La Mesa, California and are generally supportive of Defendant.  Additionally, the Court notes that Defendant's mother is currently receiving treatment for cancer and separation from his mother is an admittedly difficult experience.  Accordingly, this factor is treated as favorable for release.

3

1    4.    Employment:   Defendant had stable employment until he resigned his
2    government position this year.  This factor weighs in favor of detention.

3    5.    Financial Resources: Defendant owns a rental property in Las Vegas, Nevada
4    and has savings from his years of employment.  This factor weighs in favor of detention
5    given that it could facilitate Defendant's ability to flee and reside abroad.

6    6.    Length of Residence in the Community: Defendant has lived throughout the
7    world due to his employment, and only moved back to his parent's home since mid-June.
8    This factor weighs in favor of detention.

9    7.    Community Ties and Past Conduct: The proffered evidence for these factors is
10   duplicative of evidence already considered. As a result, these factors will be treated as
11   neutral.

12   8.    History Relating to Drug or Alcohol Abuse:  There is no evidence of Defendant
13   personally abusing drugs or alcohol.  This weighs in favor of release.

14   9.    Criminal History:  Defendant does not have a prior criminal history.  This
15   factor weighs in favor of release.

16   10.    Record Concerning Appearance at Court Proceedings and on Probation, Parole
17   or Other Release: Defendant has never been required to attend court proceedings. Therefore,
18   this factor is not applicable.

19                                    **II.**

20                   **CONCLUSIONS REGARDING DETENTION**

21    Based on the factors set forth in 18 U.S.C.  § 3142(g), the Government has satisfied
22   its burden of demonstrating that Defendant is a danger to the community and a flight risk
23   and that no condition or combination of conditions will reasonably assure the appearance
24   of Defendant at future court proceedings in this case.

25   //
     //
26   //
     //
27   //
     //
28

                                       4

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 10/19/2020

_____
HONORABLE LINDA LOPEZ
United States Magistrate Judge

5